IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRCT OF OREGON

EUGENE DIVISION

CAMILA GASKEY,                                              Case No. 6:25-cv-00672-MC

          Plaintiff,                                        OPINION AND ORDER

          v.

DANIEL KERRY,

          Defendant.

_____

MCSHANE, Judge:

      Self-represented Plaintiff, Camila Gaskey, seeks leave to proceed *in forma pauperis* ("IFP") in this action against Defendant Daniel Kerry. Although the Court finds that Plaintiff's financial status renders her eligible to proceed IFP, Plaintiff has failed to establish that she has a valid, nonfrivolous legal claim against Defendant Daniel Kerry. Therefore, Plaintiff's Application for Leave to Proceed IFP, ECF No. 1, is GRANTED but her Complaint, ECF No. 2, is DISMISSED with prejudice, as explained below.

## **LEGAL STANDARD**

      This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, pursuant to § 1915(e)(2)(B), the court must screen the complaint to determine whether the plaintiff has raised a cognizable legal claim.

1  -  Opinion and Order

*See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "[T]he court shall dismiss the case at any time if the court determines that" the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Pleadings by self-represented parties are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by self-represented plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Leave to amend the complaint must be given "unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Id.* (original citations omitted).

## DISCUSSION

Here, the Court is satisfied with Plaintiff's showing of indigency. However, because Plaintiff's Complaint fails to state a claim upon which this Court may grant relief, the Complaint is dismissed with prejudice, as explained below.

In the Complaint, Plaintiff alleges that she was the primary caregiver and legal custodian of her minor son, C.K., until December 2023. Compl. 4. At that point, a California family court transferred sole custody of C.K. to his father, Defendant Daniel Kerry. *Id.* Plaintiff's contact with C.K. was restricted to supervised visits, save two periods of time when the California court issued no-contact orders barring all communication between Plaintiff and C.K. *Id.* at 4–5. In June 2024, the court issued a long-term restraining order against Plaintiff, restraining her contact with Mr. Kerry and C.K. for a period of five years. *Id.* at 5. Based on those events, Plaintiff brings civil rights claims against Mr. Kerry, alleging that his custody of C.K. lacked substantive due process, procedural due process, and deprived Plaintiff of equal protection in violation of the

Fourteenth Amendment. *Id.* at 7–8. As relief, Plaintiff seeks (1) a writ of habeas corpus ordering

Mr. Kerry to appear and show cause as to why he should retain custody, (2) a declaration that

C.K. has been unlawfully detained and unconstitutionally restrained, (3) an order vacating the

existing custody arrangement, (4) relief allowing "immediate, unsupervised physical visitation,"

and (4) any other relief that the Court deems proper. *Id.* at 9.

This case, although styled as a 28 U.S.C. § 2241 petition for writ of habeas corpus against

Mr. Kerry, is a child custody dispute at its core. Plaintiff's Complaint does not allege any

wrongdoing on behalf of Mr. Kerry, nor does it seek any direct relief from him. Rather, the

allegations in the Complaint take aim at the constitutionality of California's custody proceedings

and seek "federal invention" to modify the outcome of those hearings. Consequently, despite

Plaintiff's denials of it being so, her Complaint attempts to contest the procedures and results of

the state court custody proceedings. As Plaintiff is aware, this Court lacks jurisdiction over such

a matter.[1]

First, the *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims

that collaterally attack prior state court decisions. *Ignacio v. Judges of U.S. Ct. of Appeals for

Ninth Cir.*, 453 F.3d 1160, 1165 (9th Cir. 2006); *see also Rooker v. Fidelity Trust Co.*, 263 U.S.

413, 415–16 (1923). This "doctrine is not limited to claims that were actually decided by the

state courts, but rather it precludes review of all 'state court decisions in particular cases arising

out of judicial proceedings even if those challenges allege that the state court's action was

unconstitutional.'" *Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (citations omitted).

---

[1] This Court takes judicial notice of Plaintiff's four previous attempts to litigate this custody matter in federal court: *Gaskey v. Kerry*, No. 2:24-cv-11087-FLA-AGR (C.D. Ca., Dec. 23, 2024); *Gaskey v. Kerry*, No. 2:25-cv-01178-SPG-SK (C.D. Ca., Feb. 10, 2025); *Gaskey v. Washington*, No. 6:25-cv-00399-AA (D. Or., Mar. 6, 2025); Gaskey v. Juhas, No. 6:25-cv-00401-AA (D. Or., Mar. 6, 2025). *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Here, *Rooker-Feldman* precludes this Court from hearing Plaintiff's claims which seek to

relitigate and ultimately overturn the California custody proceedings. If Plaintiff wishes to

challenge the outcome of the custody proceedings, the proper course is through a direct appeal to

the higher California state court.

Second, to the extent Plaintiff relies on diversity jurisdiction, the domestic relations

exception to diversity jurisdiction divests this federal court of authority to issue or modify

divorce, alimony, or child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992);

*Bailey v. MacFarland*, 5 F.4th 1092, 1097 (9th Cir. 2021). Accordingly, Plaintiff's requested

relief—vacating the restraining order, restoring custody, and granting immediate visitation—is

outside of this Court's authority to grant.

Third, the *Younger* abstention bars Plaintiff's claims. "*Younger* abstention is a common

law equitable doctrine holding that a federal court should refrain from interfering with a pending

state court proceeding." *E.g.*, *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 n.4 (9th Cir.

2004) (citations omitted). "When family law is at issue, federal courts have held abstention is

'particularly appropriate.'" *Climate Change Truth, Inc. v. Bailey*, Case No. 3:22-cv-654-AR,

2022 WL 1422078, at *5 (D. Or. May 5, 2022); *see also Peterson v. Babbitt*, 708 F.2d 465, 466

(9th Cir. 1983) (noting that "federal courts have uniformly held that they should not adjudicate

cases involving domestic relations, including 'the custody of minors and a fortiori, right of

visitation.' . . . For that matter, the whole subject of domestic relations and particularly child

custody problems is generally considered a state law matter."). "Even when a federal question is

presented, federal courts decline to hear disputes which would deeply involve them in

adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

"Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (citation omitted). Here, Plaintiff's California court custody proceedings are ongoing per the allegations in the Complaint. The Ninth Circuit has recognized that states have a strong interest and superior competence in settling family disputes. *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (quoting *Peterson*, 708 F.2d at 466); *see also H.C. ex rel.*, 203 F.3d at 613. And lastly, Plaintiff has an adequate state forum in which to pursue her federal claims; if the constitutional claims in this case have independent merit, the California state courts are competent to hear them. *See id*.

Notably, Plaintiff has been told as much by California state court judges in earlier iterations of this lawsuit. In *Gaskey v. Kerry*, No. 2:24-cv-11087-FLA-AGR (C.D. Ca., Dec. 23, 2024), ECF No. 20, Judge Fernando L. Aenlle-Rocha raised the concepts of the domestic-relations exception and *Younger* abstention as justifications to deny removal of Plaintiff's custody matter to federal court. In *Gaskey v. Kerry*, No. 2:25-cv-01178-SPG-SK (C.D. Ca., Feb. 10, 2025), ECF No. 10, Judge Sherilyn Peace Garnett again explained to Plaintiff that the principles of *Younger* abstention require the federal courts to refrain from exercising jurisdiction in this matter.

Lastly, as to the instant action specifically, Plaintiff appears to run up against yet another problem: this Court lacks personal jurisdiction over Defendant Mr. Kerry. District courts must have personal jurisdiction over the parties. Fed. R. Civ. P. 12(b)(2). Personal jurisdiction requires that nonresident defendants have "certain minimum contacts" with the forum state, such that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial

justice.'" *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Here, based on what is alleged in the Complaint, it appears that the only connection to Oregon is that Plaintiff currently lives here. Compl. 3. Contrarily, C.K. resides in California, Mr. Kerry resides in California, and the events underlying this cause of action occurred in California. *Id.* at 3–4. There is no indication that Mr. Kerry has any contacts, let alone sufficient minimum contacts, with Oregon necessary to establish personal jurisdiction.

Given that Plaintiff has unsuccessfully attempted to litigate this matter in federal court on at least four prior occasions, and received the same feedback on each complaint, this Court does not find that leave to amend would result in cured deficiencies. The Complaint is therefore dismissed with prejudice and without leave to amend.

## CONCLUSION

For the reasons stated above, Plaintiff's IFP Application, ECF No. 1, is GRANTED, but Plaintiff's Complaint, ECF No. 2, is DISMISSED with prejudice. Plaintiff's Motion for Appointment of Counsel, ECF No. 5, is DENIED as MOOT.

IT IS SO ORDERED.

DATED this 20th day of May 2025.

__s/Michael J. McShane_____
Michael J. McShane
United States District Judge
